UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARRIE MARIE HALL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY DANIELS, *et al*,<br><br>　　　　　　　Defendants. | Case No.  C07-5624FDB-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

　　　　This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for appointment of counsel. (Dkt. #5). Plaintiff has been granted *in forma pauperis* status in this case.  After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

　　　　There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the

complexity of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.

    Here, plaintiff has not shown a likelihood of success on the merits or that the legal issues involved in this case are necessarily complex.  Indeed, she has presented no specific reasons as to why she believes counsel should be appointed at government expense in her case.  Accordingly, plaintiff's motion for appointment of counsel (Dkt. #5) hereby is DENIED.

    The clerk is directed to send a copy of this Order to plaintiff.

    DATED this 11th day of February, 2008.

Karen L. Strombom
United States Magistrate Judge