UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARRIE MARIE HALL,<br><br>               Plaintiff,<br><br>    v.<br><br>ANTHONY DANIELS, *et al*,<br><br>               Defendants. | Case No. C07-5624FDB-KLS<br><br>ORDER DENYING PLAINTIFF'S SECOND REQUEST FOR EXTENSION OF TIME TO RESPOND TO THE COURT'S ORDER TO SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's filing of: (1) a letter (Dkt. #44) replying to defendants' response (Dkt. #42) to plaintiff's request for an extension of time (Dkt. #41) to respond to the Court's order to show cause directing her to file an amended complaint seeking to cure the deficiencies noted therein in her original complaint (Dkt. #40); and (2) a second request for an extension of time (Dkt. #46) to respond to the Court's order to show cause. After reviewing the above filings, defendants' responses thereto (Dkt. #45 and #47) and the balance of the record, the Court finds and orders as follows:

The Court issued its order to show cause on August 6, 2008, giving plaintiff until September 5, 2008, in which to respond thereto. (Dkt. #40). On August 22, 2008, plaintiff filed her request for an extension of time, stating she was in solitary confinement with very little access to legal materials, and requesting an extra 30 days in which to respond to the order to show cause. (Dkt. #41). On September 5,

ORDER
Page - 1

2008, defendants filed a response to plaintiff's request, not objecting to that request, but pointing out that plaintiff had failed to properly serve it on them. (Dkt. #42).

On September 9, 2008, the Court granted plaintiff's request, giving her until no later than October 9, 2008, but warning her that failure to respond to the order to show cause in the manner described therein, could result in a recommendation of dismissal of this matter with prejudice. (Dkt. #43). However, it was noted that, in addition to failing to properly serve defendants with the request, plaintiff also had failed to properly note it as a motion. Plaintiff was warned that failure to properly serve future motions on other parties in this matter also could result in the denial thereof.

On September 12, 2008, plaintiff filed a letter with the Court, stating that she "just received (from the Atty Generals [sic] Office) Docket #42," the "response to plaintiff's motion for extension of time." (Dkt. #44). Plaintiff then gave the reasons she was asking for an extension of time in the request therefor she filed on August 22, 2008. The Clerk noted the September 12, 2008 letter as a motion for an extension of time, and defendants responded thereto as such on September 26, 2008. See (Dkt. #45). Clearly, though, the letter plaintiff filed constituted a reply to defendants' response to the request for an extension of time she filed on August 22, 2008, and not another request for such an extension. As such, the Clerk shall strike the notation in the record indicating that it is a motion.

On October 10, 2008, however, plaintiff did file a second request for an extension of time in which to respond to the Court's order to show cause. (Dkt. #46). As with her first such request, plaintiff again has failed to properly note it as a motion and, it appears from the record, once more has failed to properly serve it on defendants. As plaintiff previously was warned that failure to properly serve future motions on other parties to this case could result in the denial thereof, her second request for an extension of time in which to respond to the Court's order to show cause (Dkt. #46) hereby is DENIED.

The Court also finds that second request should be denied on its merits as well. Plaintiff does not state in her request exactly why she has been unable to respond to the Court's order to show cause within the additional time she already has been given in which to do so. She does indicate in her request that she is "Extremely Limited to Legal access," and states that "Mr. Hank Balson 'might' pick up" her case, but that this was "Highly doubtful." But plaintiff asserted in her first request for an extension of time that an extra 30 days would be a sufficient amount of time in which to respond to the order to show cause, even though limited legal access was the basis for her request at that time as well. She has provided no further

1 reasons for why an additional amount of time is needed because of such lack of legal access, and, indeed,
2 does not set forth how much more time she needs.

3 To the extent plaintiff is basing her request on the asserted need to obtain counsel to represent her,
4 the Court rejects that reason too. Plaintiff gives no indication when or if the Mr. Balson – assuming he in
5 fact is an attorney licensed to practice law in this state – may choose to represent her in this case. Nor has
6 plaintiff stated or shown what actual steps she has taken to attempt to obtain private representation in this
7 matter, either from Mr. Balson or other legal counsel. Plaintiff also cannot claim she has had insufficient
8 time in which to do so. On February 11, 2008, the Court denied plaintiff's request for the appointment of
9 legal counsel at government expense. (Dkt. #5 and #11). As such, plaintiff has had some eight months in
10 which try to obtain legal counsel.

11 Plaintiff, however, has not made any showing that she made any efforts in that direction during all
12 that time. Indeed, plaintiff made no mention of any such attempts in her first request for an extension of
13 time. The Court thus finds that plaintiff's lack of effort in this regard, and, as discussed above, her failure
14 to provide any additional reasons why still needs more time because of the alleged limitation in her ability
15 to access legal resources, precludes her from being entitled to any further extensions of time in
16 responding to the order to show cause.

17 Accordingly, the Clerk hereby is directed to STRIKE the notation in the record that the September
18 12, 2008 letter plaintiff filed (Dkt. #44) is a motion. In addition, plaintiff's second request for an
19 extension of time in which to respond to the Court's order to show cause (Dkt. #46) hereby is DENIED.

20 The Clerk also is directed to send a copy of this Order to plaintiff and counsel for defendants.

21 DATED this 3rd day of November, 2008.

Karen L. Strombom
United States Magistrate Judge