UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARRIE MARIE HALL,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY DANIELS, *et al*,<br><br>    Defendants. | Case No. C07-5624FDB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 28, 2008 |

Plaintiff is a state prisoner currently incarcerated at the Washington Corrections Center for Women, located in Gig Harbor, Washington. This matter is before the Court on plaintiff's failure to comply with the undersigned's order to show cause (Dkt. #40) regarding certain deficiencies in her civil rights complaint (Dkt. #10). After reviewing the record, the undersigned submits the following report and recommendation, recommending the Court dismiss this action with prejudice for failure to comply with the undersigned's order to show cause.

## DISCUSSION

This case involves a civil rights action under 42 U.S.C. § 1983 filed by plaintiff against defendants for violating her federal constitutional rights. Specifically, she alleges in her complaint that defendants Henry Keller and Rhonda Canada violated her First Amendment right to freely exercise her religion and her right to due process under the Fourteenth Amendment, by placing her in administrative segregation for investigation of her religious practices. Plaintiff also alleges that defendants Anthony Daniels, counselor Sheridan, Sgt. Belfour, Sgt. Delgado, C/O Diggs, C/O Carol Beaucraft, C/O John Torres, C/O

REPORT AND RECOMMENDATION
Page - 1

Henry Torres, Dr. Kakkar, Dr. Cole, and Dr. Dahlbeck violated her Eighth Amendment right against cruel and unusual punishment, by being deliberately indifferent to her medical needs and inflicting unnecessary pain upon her. Plaintiff seeks both injunctive relief and punitive damages.

On May 14, 2008, defendants filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). (Dkt. #38). Defendants argued in their motion that plaintiff has failed to show her constitutional rights were violated, and therefore to state a claim for which relief may be granted under the First, Eighth or Fourteenth Amendments. Defendants further argued that plaintiff failed to allege any of them caused or personally participated in causing the harm being claimed. Lastly, they argued plaintiff failed to meet the requirements for seeking injunctive relief.

On August 6, 2008, the undersigned issued an order finding the complaint was deficient in regard to plaintiff's First Amendment and Fourteenth Amendment claims, defendant Cole, and plaintiff's request for injunctive relief. (Dkt. #40). As such, the undersigned informed plaintiff that the complaint would not be served, but instead, she was ordered to file an amended complaint, curing, if possible, the deficiencies in the complaint, or show cause explaining why this matter should not be dismissed by no later than September 5, 2008. Plaintiff was warned that failure to so respond by that date would be treated as an admission that defendants' motion to dismiss has merit, and therefore would result in a recommendation that defendants' motion be granted, and a recommendation that any such dismissal of this action would be a dismissal of the complaint as being frivolous pursuant to 28 U.S.C. § 1915, and such dismissal would count as a "strike" under 28 U.S.C. § 1915(g).

On August 22, 2008, plaintiff filed a request for a 30-day extension of time in which to respond to the order to show cause (Dkt. #41), which the undersigned granted on September 9, 2008 (Dkt. #43). In so granting plaintiff's request, however, the undersigned noted her apparent failure to properly note the motion and serve it on defendants. Plaintiff was warned that failure to properly serve future motions on other parties in this matter could result in denial thereof, and that failure to respond to the order show cause in the manner described therein by October 9, 2008, could result in a recommendation of dismissal of this matter with prejudice as well.

On October 10, 2008, plaintiff filed a second request for an extension of time in which to respond to the Court's order to show cause. (Dkt. #46). As with her first such request, plaintiff again had failed to

properly note it as a motion and, it appeared from the record, once more to properly serve it on defendants. As plaintiff previously was warned that failure to properly serve future motions on other parties to this case could result in the denial thereof, her second request for an extension of time in which to respond to the undersigned was denied.

The Court also found that second request should be denied on its merits as well. Plaintiff did not state in her request exactly why she had been unable to respond to the undersigned's order to show cause within the additional time she already had been given in which to do so. She did indicate in her request that she had very limited access to legal resources and stated that one attorney "might" pick up her case, but that this was highly doubtful. The undersigned rejected these bases for requesting an extension of time, noting that plaintiff had asserted in her first request for an extension of time that an extra 30 days would be a sufficient amount of time in which to respond to the order to show cause, even though limited legal access was the basis for her request at that time as well. Plaintiff provided no further reasons for why an additional amount of time was needed because of such lack of legal access, and, indeed, did not set forth how much more time she needed.

To the extent plaintiff based her request on the asserted need to obtain counsel to represent her, the Court rejected that reason too. Plaintiff gave no indication when or if the Mr. Balson – might choose to represent her in this case, nor did she state or show what actual steps she took to attempt to obtain private representation in this matter, either from Mr. Balson or other legal counsel. Plaintiff also could not claim she had insufficient time in which to do so. The undersigned noted that on February 11, 2008, her request for appointment of legal counsel at government expense (Dkt. #5 and #11) was denied, and therefore that she had had some eight months in which try to obtain legal counsel, but had not made any showing that she made any efforts in that direction during all that time. Indeed, plaintiff made no mention of any such attempts in her first request for an extension of time.

The undersigned thus found plaintiff's lack of effort in this regard – and, as discussed above, her failure to provide any additional reasons why she still needed more time because of the alleged limitation in her ability to access legal resources – precluded her from being entitled to any further extensions of time in responding to the order to show cause. For all of these reasons, the undersigned denied plaintiff's second request for an extension of time in which to reply to the order to show cause. Given that plaintiff

already has had some 60 days in which to attempt to cure the deficiencies in her complaint or show cause why this matter should not be dismissed, but has failed to do so without good reason, the motion to dismiss filed by defendants should be granted and plaintiff's complaint should be dismissed with prejudice for the reasons stated in the undersigned's order to show cause.

## CONCLUSION

Because plaintiff has failed to respond to the undersigned's order to show cause (Dkt. #40), and because the complaint remains deficient for the reasons set forth therein, the Court should dismiss that complaint (Dkt. #10), and accordingly this case, with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **November 28, 2008**, as noted in the caption.

DATED this 3rd day of November, 2008.

Karen L. Strombom
United States Magistrate Judge